IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
November 14, 2005

CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **ANTHONY PAUL ALLISON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-cv-2441-R |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The United States Magistrate Judge assigned to this case filed Findings, Conclusions and a Recommendation ("FC&R") on October 19, 2005. Respondent, Douglas Dretke, filed objections to the Findings, Conclusions and Recommendation on November 1, 2005 to preserve his rights on appeal. Respondent alleges that the Magistrate Judge failed to determine that Petitioner's sufficiency-of-the-evidence claim is procedurally barred. *See* Resp't Obj'n at 1. For the reasons explained below, the Court adopts the Magistrate Judge's decision with the additional findings requested by Respondent Dretke.

### I. RESPONDENT'S OBJECTIONS

The Court now reviews the Findings, Conclusion, and Recommendation in light of Respondent's objections. The Magistrate Judge found that petitioner did not seek discretionary review of his conviction to the Court of Criminal Appeals. *See* FC&R at 1. Later, in a section entitled "Exhaustion and Procedural Default," the FC&R state the following:

Petitioner did not properly present to the state's highest court either his claim that

> trial counsel was ineffective for failing to advise him of his appellate rights, or his claim that the court changed venue improperly. Thus, Petitioner seeks federal habeas corpus relief based on factual allegations and legal theories that were never presented to the highest state court. His failure renders these claims unexhausted.

*See* FC&R at 5 (citations omitted). The only claim that is not mentioned in that discussion is Petitioner's sufficiency-of-the-evidence claim. Since the FC&R recognizes that Petitioner never filed a petition for discretionary review on *any* of his claims, the Court believes that the omission of that claim from the excerpt above was inadvertent. Nevertheless, Respondent's objection is well-taken in the interest of preserving his rights on appeal.

## II. PROCEDURAL DEFAULT

Petitioner's sufficiency-of-the-evidence claim is now procedurally barred on federal collateral review. "Applicants seeking federal habeas relief under § 2254 must exhaust all claims in state court prior to requesting federal collateral relief." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir.), *amended in part on reh'g*, 391 F.3d 703 (5th Cir. 2004) (en banc). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Soffar*, 368 F.3d at 465 (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) and *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999)). Petitioner failed to petition for discretionary review on his sufficiency-of-the-evidence claim to the Texas Court of Criminal Appeals and, more significantly, failed to raise that claim in his first petition for state collateral relief. Under Texas law, the abuse-of-the-writ doctrine prevents an applicant for a successive habeas petition from raising grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994) (en banc). The only exception is for good cause shown. *Id.*

The Fifth Circuit has recognized that abuse-of-the-writ doctrine is an adequate state

procedural bar for purposes of federal habeas review under 28 U.S.C. §2254. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997). Since Petitioner's sufficiency-of-the-evidence claim was known, or should have been known to him before he filed his first application for state habeas corpus relief, he procedurally defaulted that claim in state court. *See, e.g., Robison v. Johnson*, 151 F.3d 256, 262-63 (5th Cir. 1998).

In order for this Court to excuse his state procedural default under §2254, Petitioner must show either (a) cause for the default and actual prejudice or (b) that the Court's failure to consider the claim will result in a miscarriage of justice – i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Petitioner has shown neither cause for the default nor that a miscarriage of justice would result if the Court failed to consider that claim.

### III. FINAL ORDER

After reviewing the Magistrate Judge's Findings, Conclusions, and Recommendation pursuant to 28 U.S.C. §636(b), the Court concludes that they are correct and are hereby **ADOPTED** as the findings of this Court. In addition, the Court also finds that Petitioner has procedurally defaulted his sufficiency-of-the-evidence claim and has shown neither cause for the default nor that a miscarriage of justice would result if the Court failed to consider that claim. Accordingly, Petitioner's writ of habeas corpus will be dismissed by separate order of the Court.

IT IS SO ORDERED

ENTERED: November 14, 2005

_____
**HON. JERRY BUCHMEYER**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**